J-S71042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ALLEN MONTGOMERY | |
| Appellant | No. 983 WDA 2015 |

Appeal from the PCRA Order May 20, 2015
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0000595-2006
CP-37-CR-0000655-2006

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                        **FILED JANUARY 20, 2016**

Michael Allen Montgomery appeals the order entered May 20, 2015, in the Lawrence County Court of Common Pleas, denying his third petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Montgomery seeks relief from the judgment of sentence of an aggregate five and one-half to 20 years' imprisonment, imposed in April and July of 2007, at two separate criminal dockets.  On appeal, Montgomery argues the PCRA court erred in denying his petition as untimely filed without first conducting an evidentiary hearing.  We affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The facts and procedural history underlying this appeal were summarized by a panel of this Court in the memorandum decision affirming the denial of his second PCRA petition:

At criminal action number 595 of 2006, [Montgomery] was charged with burglary, theft, and receiving stolen property after DNA of blood found at the scene of a crime was found to match [Montgomery]'s DNA. Specifically, on October 11, 2004, Family Craft Center, which was located at 1003 Wilmington Avenue, New Castle, was burglarized. Approximately $700 in cash was taken from the register, and blood was found on broken glass on the floor inside that establishment. A jury convicted [Montgomery] of those offenses, and [he] was sentenced in that matter on April 23, 2007, to three to [10] years incarceration.

At criminal action number 655 of 2006, [Montgomery] was charged with burglary, theft, and criminal mischief in connection with events occurring sometime during the night of March 10, 2005, or early morning hours of March 11, 2005, at the Bob Evans Restaurant on 2635 West State Street, Union Township. That business was burglarized, steaks were taken, and $900 worth of property damage was caused by someone attempting to forcibly enter the safe. DNA located on a cigarette butt left at the scene of that crime by the perpetrator matched the DNA of [Montgomery], who subsequently admitted to police that he committed that offense. After he was convicted of burglary and criminal mischief in connection with the Bob Evans burglary, [Montgomery] was sentenced on July 14, 2007, to four and one half to [12] years imprisonment, and that sentence was imposed consecutively to the previous one.

[Montgomery] appealed both sentences, the appeals were consolidated, and we affirmed both sentences on June 27, 2008. *Commonwealth v. Montgomery*, 959 A.2d 465 (Pa. Super. 2008) (unpublished memorandum). In that adjudication, we rejected a challenge to a search warrant used to obtain [Montgomery]'s blood. The search warrant was obtained after Arthur Page, who was [Montgomery]'s accomplice in unrelated burglaries, informed police that [Montgomery] admitted to commission of the burglaries at issue herein. After we affirmed, [Montgomery] did not seek further review in the Supreme Court.

[Montgomery] thereafter filed a timely PCRA petition as to both criminal action numbers. Counsel was appointed. [Montgomery]'s first PCRA petitions were thereafter resolved by mutual agreement. Specifically, the Commonwealth consented to a reduction in the minimum sentence imposed at 655 of 2006 by two years, to two and one-half years imprisonment. In return, [Montgomery] agreed not to seek further PCRA relief at either that action or action number 595 of 2006. The agreement was that, in exchange for the two-year reduction in [Montgomery]'s minimum sentence, the outstanding petitions were settled and the accord would "resolve all issues raised in all the pending motions for post conviction collateral relief, and no further petitions could be filed." N.T. Hearing, 5/5/11, at 5.

The PCRA court ascertained that [Montgomery] understood and agreed to the terms of the agreement outlined in his presence. [Montgomery] represented that he discussed the agreement with counsel in private, was not under the influence of any substances, voluntarily entered the accord, and it was his intent that "once the sentence modification" was completed, he would "not file additional PCRA cases" at 595 of 2006 or at 655 of 2006. *Id.* at 6. [Thereafter, Montgomery filed a petition to modify his sentence in accordance with the parties' agreement. The Commonwealth joined in the petition, and on July 25, 2011, the PCRA court entered an order directing that Montgomery's aggregate sentence at docket 655 of 2006 be reduced to two and one-half to 10 years' imprisonment. *See* Order, 7/25/2011.]

On February 28, 2012, [Montgomery, acting *pro se*,] filed a second PCRA petition at both actions at issue herein. In those documents, [Montgomery] averred that he recently discovered that State Trooper Eric Weller, who obtained the warrant to obtain samples of [Montgomery]'s blood, had filed a false affidavit of probable cause to obtain that warrant. Specifically, [Montgomery] alleged that he just learned that Page denied telling Trooper Weller that [Montgomery] admitted to Page that [Montgomery] committed the burglaries where the DNA evidence was found. Counsel was appointed, and counsel sought permission to amend the petitions. The Commonwealth opposed amendment on the basis that [Montgomery] had agreed not to seek any further PCRA review in these actions in exchange for a reduced sentence.

Counsel then filed amended petitions. The Commonwealth responded by again asserting that the agreement barred the request for PCRA relief at both actions. The court issued notice of intent to dismiss the petitions, which [Montgomery] contested. He maintained that the issue raised in his second petitions was distinct from those raised in the first PCRA petitions. [Montgomery] continued that the contention raised in the second PCRA petitions could be litigated since the agreement encompassed only the issues raised in the first PCRA petitions and counsel's representation of [Montgomery] in connection with litigation of them.

*Commonwealth v. Montgomery*, 97 A.3d 797 [608 & 609 WDA 2013] (Pa. Super. 2014) (unpublished memorandum at 2-5).

On appeal, a panel of this Court affirmed the denial of relief, concluding Montgomery's second PCRA petition was untimely filed. *See id.* To that end, the panel found Montgomery's judgment of sentence became final on July 27, 2008, and, therefore, his petitions filed on February 28, 2012, were "patently untimely." *Id.* (unpublished memorandum at 8). Further, the panel determined Montgomery failed to demonstrate newly-discovered facts that tolled the timing requirements. The panel concluded Montgomery "knew from the inception of these two cases that the warrant utilized to obtain his DNA" was based upon statements Page purportedly made to Trooper Weller. *Id.* (unpublished memorandum at 9). Further, the panel opined Montgomery did not explain why he was unable to locate and interview Page sooner, and failed to demonstrate "he exercised due diligence in discovering Trooper Weller's purported falsehood." *Id.* Because Montgomery was unable to overcome the untimeliness of his petition, the panel affirmed the denial of relief on February 7, 2014.

Six months later, on August 8, 2014, Montgomery filed the instant PCRA petition, his third, *pro se*. Counsel was appointed, and, on April 2, 2015, submitted an amended petition asserting prior PCRA counsel's ineffectiveness for failing to properly support Montgomery's contention that his second petition was timely. On April 22, 2015, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without conducting an evidentiary hearing, and Montgomery filed a timely response. Thereafter, on May 20, 2015, the PCRA court denied Montgomery's petition as untimely. This appeal followed.[2]

On appeal, Montgomery argues the PCRA court erred in denying his third PCRA petition without conducting an evidentiary hearing. Specifically, he asserts prior PCRA counsel was ineffective for (1) "failing to properly apply the 'due diligence' timeliness exception(s) … to the filing of [his] 2nd *pro se* PCRA petition[;] and (2) "failing to obtain evidence from potential witness(es) regarding the issue(s) set forth in [his] affidavit filed with the 2nd *pro se* PCRA petition." Montgomery's Brief at 13. Essentially, Montgomery complains his petition was dismissed due to the ineffectiveness of prior PCRA counsel.

---

[2] On July 13, 2015, the PCRA court ordered Montgomery to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Montgomery complied with the court's directive, and filed a concise statement on August 3, 2015.

Our standard of review is well-settled:

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted). Furthermore,

[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 604 (2013) (quoting *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 442 (2011), quoting Pa.R.Crim.P. 909(B)(2)). "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Roney*, 79 A.3d at 604–05.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014), *cert. denied*, 135 S. Ct. 2817 (U.S. 2015).

The PCRA mandates that any request for relief, "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted).

We agree with the PCRA court's finding that Montgomery's petition was untimely filed. As explained in our prior decision, Montgomery's judgment of sentence became final on July 27, 2008, 30 days after this Court affirmed his judgment of sentence on direct appeal and Montgomery failed to petition the Pennsylvania Supreme Court for allowance of appeal. ***See Montgomery***, ***supra***, 97 A.3d 797 (unpublished memorandum at 7-8); 42 Pa.C.S. § 9545(b)(3). Accordingly, Montgomery had until July 27, 2009, to file a timely PCRA petition. The present petition, filed over five years later on August 8, 2014, is facially untimely. Nevertheless, pursuant Section 9545(b), an otherwise untimely petition is not time-barred if the petitioner pleads and proves that a time-for-filing exception applies. ***See*** 42 Pa.C.S. § 9545(b).

In the present case, Montgomery attempts to revisit the dismissal of his second PCRA petition by asserting the ineffectiveness of prior PCRA counsel. In doing so, he mischaracterizes the timeliness requirements. Montgomery asserts:

> The third PCRA petition is based upon claim(s) that prior PCRA counsel was ineffective in failing to properly apply the "due diligence" timeliness exception(s) of the PCRA statute to the filing of Montgomery's 2nd *pro se* PCRA petition. That 3rd PCRA petition raising these **new** ineffectiveness claims against prior PCRA counsel was timely filed within one (1) year of the PA Superior Court decision affirming denial of the 2nd PCRA petition (without a hearing) *albeit* on different grounds (**i.e.,** for failing to meet the "due diligence" timeliness exception(s)) on appeal.

Montgomery's Brief at 31-32 (emphasis in original; some capitalization and footnote omitted).

Contrary to Montgomery's claim, the one-year filing requirement does **not** begin to run when a prior PCRA petition is definitively decided.  Rather, it begins to run when the petitioner's **judgment of sentence** becomes final, that is, "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  Accordingly, Montgomery's untimely petition is a bar to relief unless he can plead and prove the applicability of one of the timeliness requirements.

Here, Montgomery argues prior PCRA counsel provided ineffective assistance when counsel failed to establish the newly-discovered facts exception in his second petition.  Specifically, he contends prior counsel failed to obtain evidence from both Montgomery's brother and Page to "substantiate claim(s) that the police affidavit was falsified in order to obtain the search warrant … that was subsequently entered as evidence against him in both trial(s)."  Montgomery's Brief at 35 (footnote omitted).  In support of this assertion, Montgomery attached to his amended petition an affidavit, signed by his brother, in which his brother states the following:

> 2.  I have known Mr. Montgomery since before 2004-2005, and I am familiar with his activitie(s) during that time period.
>
> 3.  I was not called as a witness to testify at any hearing(s) and/or trial(s) in these case(s) held in this Court in 2006-2007.

- 8 -

4. Mr. PAGE informed me that other than describing the incident(s) for which he was charged, he did not make the statement(s) attributed to himself and/or Mr. Montgomery in the SEARCH WARRANT/AFFIDAVIT of Probable Cause … that was entered as evidence against him in both case(s).

5. I would be ready, willing and able to testify to these fact(s) during any future proceeding(s) related to these case(s).

Amended Third Petition, 4/2/2015, Affidavit of Anthony Montgomery, 3/4/2015.

Montgomery's claim fails for several reasons. First, his assertion that prior counsel's ineffectiveness resulted in the denial of his second petition does not satisfy one of the time for filing exceptions in the Act.

> It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA. *See Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 915-16 (2000) (holding a petitioner's claim in a second PCRA petition, that all prior counsel rendered ineffective assistance, did not invoke timeliness exception, as "government officials" did not include defense counsel); *see also Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 785-86 (2000) (finding that the "fact" that current counsel discovered prior PCRA counsel failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence exception to time-bar); *Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 589 (2000) (holding that allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims).

*Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Second, even if we were to disregard the untimeliness of the present petition, we would find the attached affidavit does not establish Montgomery's **second petition** was timely filed. Indeed, Montgomery's brother does not state when he spoke to Page, and first learned that Page

never told the police that Montgomery admitted he had committed the burglaries. Accordingly, Montgomery has not established that his second petition was filed within "60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Third, we agree with the conclusion of the PCRA court that "the alleged falsification of Mr. Page's statement to procure a search warrant is not newly discovered evidence as [Montgomery] was aware of the statement upon receiving a copy of the affidavit of probable cause attached to the search warrant." PCRA Court Opinion, 8/18/2015, at 7. Furthermore, we note that, since the warrant averred Page told police Montgomery had confessed to the crimes, Montgomery would have known, at that time, Page's statement to police was false. As the PCRA court commented, "[t]hese are facts that could have been ascertained at that time if due diligence would have been exercised." *Id.* at 8. We agree. Montgomery's contention that "his prior incarceration prevented him from fully engaging in communication(s) with these two potential witness(es)"[3] does not meet any definition of due diligence. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests … [and] explain why he could not have learned the

_____

[3] Montgomery's Brief at 32.

new fact(s) earlier with the exercise of due diligence.") (citations omitted), *appeal denied*, 2015 WL 5748168 (Pa. September 30, 2015).

Accordingly, because we conclude Montgomery's third PCRA petition was untimely filed, and Montgomery failed to plead and prove the applicability of one of the time for filing exceptions, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/20/2016